By the Court,

Cowen, J.
Whether the plaintiffs had a vested interest in the goods, on their passing into the hands of the rail-road agent, is the main question to be considered.
That the plaintiffs were acting as factors or commission merchants for Muir, in respect to the goods in question, need not be denied; nor that if they were mere factors or commission merchants, they could have no such interest as interfered with the defendant’s right to levy, except in virtue of their lien, which could not attach till after the goods came into their actual possession. (Cross on Lien, 251. Bruce v. Wait, 3 Mees. &c. Welsh. 15. Kinlock v. Craig, 3 T. R. 119, 783. Nichols v. Clent, 3 Price, 547. Vid. also Sess. Laws of N. W. 1830, p. 203, and 1 R. S. 762, 2d ed.) But it is now entirely settled that the relation between the principal and his agent for selling goods, for Instance, where the consignor sends the goods to be sold, taking their risk in transitu, and allowing commissions of sale, does not necessarily preclude the passing of such a vested property in the consignee as entitles him to the *151 usual remedies of an absolute vendee. Such cases occur where there is an agreement between the consignor and consignee, that the latter shall make advances on the credit of the goods, and hold and dispose of them upon commission for his re-imbursement. (Vid. the opinions of the judges in Patten v. Thompson, 5 Maule & Selw. 350; Vertue v. Jewell, 4 Campb. 31; Cuming v. Brown, 9 East, 506; Cross on Lien, 252.) An agreement to this effect; may be either inferred from circumstances or shown by a direct and express agreement. An instance of the former may be seen in the late case of Holbrook v. Wight, (24 Wendell, 169;) of the latter in Haille v. Smith, (1 Bos. & Pull. 563,) in the exchequer chamber. In both cases, the goods had failed actually to reach the hands of the consignees; and in both a great effort was made to show that although the goods were transmitted with the view to secure advances by the agent, he was yet a mere commission dealer. But he was held to be more; viz. a qualified vendee or pledgee; perhaps a vendee in trust, as was said in Haille v. Smith. But in whatever terms he be characterized, there passes to him a vested interest. Eyre, J. said of the last case, “ From the moment the goods were set apart for this particular purpose, why should we not hold the property in them to have been changed, it being in perfect conformity to the agreement, and such an execution thereof as the justice of the case requires? I see no reason why we should not expound the doctrine of transfer very largely upon the agreement of the parties, and upon their intent to carry the substance of that agreement into execution. This will lead to the conclusion that the moment the goods were put on board the Hawke, and the bill of lading was endorsed and remitted to Smith & Atkinson, (the agents,) the property was changed and was to remain in their hands, clothed with the trust expressed in the agreement.” (And see Vertue v. Jewell, 4 Campb. 31, 33, per Lord Ellenborough; also Cross on Lien, 253.) It was said in argument, that there was a bill of lading in Haille *152 v. Smith; but there is no magic' in such a document, especially as between the original parties. (Cross on Lien, 253. Bryans v. Nix, 4 Mees. & Welsh. 791.) It may be endorsed for various purposes, not only as evidence of an absolute sale, but of a trust, a pledge or a mere agency, either of which is always provable by paroi. The facts so fully shown by Muir’s testimony in the case at bar, viz. that the plaintiffs being in advance for him in a sum far beyond the value of the goods, he agreed to send them for sale as a satisfaction, and placed them with the rail-road agent for that purpose, transmitting an invoice, and declaring his purpose by mail, was entirely equivalent to a similar transaction accompanied with a bill of lading. (Id. id.) The case cannot possibly be distinguished in principle from that of Ilaille v. Smith, which has never been questioned ; and Holbrook v. Wight, is still stronger for the plaintiffs. The case of Anderson v. Clark, (2 Bing. 300.) of which I was not aware when examining Holbrook v. Wight, also goes the. full length of that case. (And vid. Cross on Lien, 253.)
The cases cited in support of the nonsuit, are, nearly all, either those of a mere factor or commission merchant, and no interest ultra, or of stoppage in transitu. The latter depends on considerations entirely different •; coming in where the title to the goods has confessedly passed by a constructive delivery to a carrier, for the vendee. The right to stop, assumes that the vendee has acquired a title, such as would enable him to bring trover, were it not for his insolvency. The latter is held to raise a lien for the purchase money. Such cases are in favor of the plaintiff’s claim in the case at bar; for they had actually advanced the money.
Holbrook v. Wight, was replevin in the detinet; but whether we regard the transaction as a pledge or sale in trust, it is quite plain that the talcing was tortious, in such a sense as will sustain the action in the cep it. The latter lies for tortiously taking goods in which the plaintiff has *153 either a general or special property. The claim is not that the plaintiffs had an implied lien for their general balance. That they could not have without actual possession; but it is otherwise of a conventional lien by way of express pledge or mortgage. This may as well be raised in the hands of a carrier as a right by absolute sale. Haille v. Smith, was no more. The goods were there delivered to a carrier, with a view to their being collateral security in the hands of the commission merchants, for their advances to their principals.
The nonsuit must be set aside, and a new trial granted; the costs to abide the event.
New trial granted.